**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-1970**

JOSEPH N. STANLEY,

Plaintiff - Appellant,

v.

CHRISTOPHER T. BOCOCK, individually and in his official capacity as a Police
Officer of the Virginia State Police,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  Elizabeth K. Dillon, Chief District Judge.  (7:23−cv−00346−EKD−CKM)

Argued:  September 10, 2025                              Decided:  December 2, 2025

Before DIAZ, Chief Judge, and KING and RICHARDSON, Circuit Judges.

Affirmed by published opinion.  Chief Judge Diaz wrote the opinion, in which Judge King
and Judge Richardson joined.

**ARGUED:**  Terry Neill Grimes, TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia, for
Appellant.   Graham Keith Bryant, OFFICE OF THE ATTORNEY GENERAL OF
VIRGINIA, Richmond, Virginia, for Appellee.  **ON BRIEF:**  Kaley J. Gordon-Shupp,
TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia; Melvin E. Williams, Meghan A.
Strickler, WILLIAMS & STRICKLER, PLC, Roanoke, Virginia, for Appellant.  Jason S.
Miyares, Attorney General, R. Cooper Vaughn, Assistant Attorney General, Erika Maley,
Solicitor General, Kevin M. Gallagher, Principal Deputy Solicitor General, Graham K.

Bryant, Deputy Solicitor General, Meredith L. Baker, Assistant Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

———————

DIAZ, Chief Judge:

Special Agent Christopher Bocock searched Joseph Stanley's Facebook and Gmail accounts as part of a criminal investigation. But Stanley believed that Bocock did so to retaliate for his community advocacy. So Stanley sued, seeking damages for alleged First and Fourth Amendment violations. Bocock moved to dismiss the case, arguing that the searches were supported by probable cause, and in any event, he was entitled to qualified immunity.

The district court granted Bocock's motion, concluding that Stanley's failure to plead the absence of probable cause was fatal. It also denied Stanley leave to file a second amended complaint as futile. We affirm.

I.

As did the district court, we take the facts from Stanley's proposed second amended complaint and the warrants he attached to his first complaint.

A.

Stanley is a self-described "community advocate who worked to make his community a better place to live for all persons and to improve local government in the Town of Rocky Mount and the Rocky Mount Police [D]epartment." J.A. 108.

One act of Stanley's "community advocacy" is relevant here. In 2020, Stanley posted a seventeen-minute-long video from the Department's "internal office security

footage" on his Facebook page.[1]  J.A. 56; J.A. 17.  Only four employees—including two who no longer worked for the Department when Stanley posted the video—ever had access to the internal surveillance footage.

B.

The Department commissioned Special Agent Bocock from the Virginia State Police to investigate how Stanley obtained the video.  Bocock determined that Stanley's Facebook account might contain evidence of computer trespass.  *See* Va. Code. Ann. § 18.2-152.4.[2]  So he sought a warrant to search the account.  The affidavit accompanying the warrant noted that Stanley "made several posts to [F]acebook showing his disdain for the government and the Rocky Mount Police Department."  J.A. 17.

A state magistrate approved the warrant.  The search led Bocock to Stanley's Gmail account.  Believing that the Gmail account might also contain evidence about how Stanley obtained the video, Bocock sought a second warrant.

---

[1] The record says nothing more about the content of the video.

[2] The statute provides:

> It is unlawful for any person, with malicious intent, or through intentionally deceptive means and without authority, to . . .
>
> Use a computer or computer network to make or cause to be made an unauthorized copy, in any form, including, but not limited to, any printed or electronic form of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network . . .

Va. Code. Ann. § 18.2-152.4(A)(6).

4

Stanley moved to quash both warrants for lack of probable cause. The state court denied the motions, and the Supreme Court of Virginia eventually refused Stanley's petition for appeal.

In the end, the Commonwealth's Attorney found that there was "not sufficient evidence" to charge any person with computer trespass. That's because the offense requires proof of either "malice" or "that the copy [here the video] was obtained through an intentionally deceptive means." J.A. 56. Bocock found neither.

## C.

Stanley sued under 42 U.S.C. § 1983, alleging that Bocock violated his First and Fourth Amendment rights by retaliating against him for his criticism of local government. Stanley claimed that the searches "chill[ed] and interfered" with his speech. J.A. 99.

Stanley later amended his complaint to add "factual allegations to support the claims and address[] some of the concerns raised . . . in defensive pleadings." J.A. 32. Bocock moved to dismiss this first amended complaint. Before the district court ruled on that motion, Stanley sought leave to amend yet again.

Accepting the facts alleged in the proposed second amended complaint, the court concluded that Stanley hadn't stated a claim on which relief could be granted. So it denied Stanley's motion for leave to amend and granted Bocock's motion to dismiss.[3]

This appeal followed.

---

[3] Stanley doesn't challenge the district court's dismissal of his official capacity claims as barred by the Eleventh Amendment.

5

II.

First up is Stanley's First Amendment retaliatory search claim. The district court dismissed that claim because Stanley failed to plead the absence of probable cause. We review that decision de novo. *Callahan v. Dep't of Pub. Safety*, 18 F.4th 142, 145 n.3 (4th Cir. 2021).

A.

To state a First Amendment retaliation claim, a plaintiff must plead that "she engaged in protected First Amendment activity, the defendants took some action that adversely affected her First Amendment rights, and there was a causal relationship between her protected activity and the defendants' conduct." *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005) (numerals omitted).

B.

Our task is to determine whether probable cause poses a bar—or at least a formidable barrier—to a First Amendment retaliatory search claim. Because the Supreme Court has considered this issue in retaliatory prosecution and arrest cases, we start there.

1.

A plaintiff must plead "the absence of probable cause" to survive a motion to dismiss in retaliatory prosecution and arrest cases. *Hartman v. Moore*, 547 U.S. 250, 263 (2006); *Nieves v. Bartlett*, 587 U.S. 391, 404 (2019). That's because the absence of probable cause is a powerful indication that a government official acted with retaliatory intent. *See Nieves*, 587 U.S. at 402. Conversely, probable cause makes it nearly impossible to show that animus caused the adverse action. *Hartman*, 547 U.S. at 260–61.

6

There's an exception to this rule when "a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 587 U.S. at 407. In those cases, "probable cause does little to prove or disprove the causal connection between animus and injury." *Id.*

2.

We haven't yet considered whether *Hartman* and *Nieves* apply to retaliatory search claims.

Stanley argues that we should distinguish between retaliatory arrests, prosecutions, and search warrants based on their different common-law origins. Retaliatory arrests and prosecutions approximate malicious prosecution claims, which require the absence of probable cause. *Thompson v. Clark*, 596 U.S. 36, 43–44 (2022) (citing Thomas M. Cooley, *Law of Torts* 181 (1880)) ("[T]he gravamen of the Fourth Amendment claim for malicious prosecution . . . is the wrongful initiation of charges without probable cause."). But a retaliatory search, says Stanley, is more like a common-law trespass, which has no probable cause component.

Yet neither *Hartman* nor *Nieves* relied on the malicious prosecution tort to support their respective holdings. The Supreme Court instead rooted both decisions in causation. *See Nazario v. Gutierrez*, 103 F.4th 213, 237 (4th Cir. 2024) ("This 'no-probable-cause' requirement was instituted to address the 'complex causal inquir[y]' in determining 'whether the adverse government action was caused by the officer's malice or the

7

plaintiff's potentially criminal conduct.'" (quoting *Nieves*, 587 U.S. at 401–02)).  We think that same analytical framework applies here.

"[T]he First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out."  *Hartman*, 547 U.S. at 256.  But to make out such a claim, a plaintiff must show a causal connection between his protected activity and the adverse government action.  *See Nieves*, 587 U.S. at 398.  If a government official had probable cause to take an action (say a search), it's much less likely that First Amendment retaliation was its but-for cause.

The common law too supports this result.  *See Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017).  Although we agree with Stanley that a retaliatory search better approximates a trespass than a malicious prosecution, *see Smith v. Travelpiece*, 31 F.4th 878, 886–87 (4th Cir. 2022), both torts recognized exceptions at common law for legitimate governmental intrusions.

Malicious prosecution required that "the suit or proceeding was 'instituted without any probable cause.'"  *Thompson*, 596 U.S. at 44 (quoting Cooley 181).  And an "entry upon land in the rightful possession of another" only constituted trespass when it was "without license or permission."  Melville M. Bigelow, *Elements of the Law of Torts* 191 (5th ed. 1894).

8

For these reasons, we're satisfied that *Hartman* extends to First Amendment-based retaliatory search claims.[4]  So Stanley was required to plead the absence of probable cause or show he met the narrow exception to that requirement (if it applies).  We next consider whether he made either showing.

### C.

We start with the "objective evidence" exception.  *See Nieves*, 587 U.S. at 407.  Assuming it applies to retaliatory search claims, Stanley can't satisfy it.  His only objective evidence is a statement in the warrant application about his supposed "disdain" for the Rocky Mount Police Department.  Appellant's Br. at 15–16.

That's not the kind of objective evidence the Supreme Court was talking about.  We have no license to ignore a finding of probable cause merely because a plaintiff can muster *some* evidence a government official acted with improper motives.  *See Nieves*, 587 U.S. at 407 ("[T]he statements and motivations of the particular arresting officer are 'irrelevant.'").  The exception extends only to "objective evidence that [a plaintiff] was arrested when otherwise similarly situated individuals not engaged in the same speech had not been."  *Id.*

The Supreme Court has applied the exception only for rarely or never prosecuted crimes.  The plaintiff in *Gonzalez v. Trevino*, for example, commissioned a survey of the last decade's worth of prosecutions for the statute under which she was arrested and turned

---

[4] Our Fifth Circuit colleagues agree.  *See Degenhardt v. Bintliff*, 117 F.4th 747, 758–59 (5th Cir. 2024).

up no cases remotely resembling hers. 602 U.S. 653, 657 (2024) (per curiam). And while a plaintiff needn't produce "virtually identical and identifiable comparators," he still must offer evidence that he was treated differently than others who engaged in the same conduct. *Id.* at 658.

Stanley made no such showing in the district court. Had he shown that the state didn't regularly charge people with computer trespass, he might have raised an inference that harassment (rather than a legitimate investigation) primarily motivated Bocock to search Stanley's accounts. But the so-called "objective evidence" Stanley points to doesn't justify the same inference.

D.

Alternatively, Stanley argues that even if he needed to plead the absence of probable cause, he did so.

Stanley pleaded that Bocock "had no probable cause to obtain the search warrants." J.A. 111. And he notes that the Commonwealth's Attorney didn't find probable cause to charge any person with a crime. He emphasizes that there couldn't have been probable cause to search the accounts "because no computer was involved in any of the acts described in the search warrant." J.A. 112.

But merely reciting the absence of probable cause, without more, doesn't cut it. As for the state's decision not to charge him, Stanley conflates the probable cause required to make an arrest or initiate a prosecution with that required to search or seize.

The latter requires only a probability that the place to be searched or the thing to be seized contains evidence of a crime. *See Illinois v. Gates*, 462 U.S. 213, 235–36 (1983).

10

And it doesn't matter "whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched." *United States v. Lalor*, 996 F.2d 1578, 1582 (4th Cir. 1993).

Bocock was searching for evidence relevant to the offense of computer trespass. It's more than probable that the account that posted the stolen video would contain such evidence. And it's hard to imagine how sharing a digitally stored video and posting it online could be accomplished without a computer.[5]

We also give "great deference" to a magistrate judge's probable cause findings. *Gates*, 462 U.S. at 236 (citation omitted). Neutral magistrates found that probable cause supported each warrant. We can't conclude that they acted unreasonably in so finding.

In short, Stanley didn't plead the absence of probable cause. The district court thus properly dismissed the First Amendment retaliation claim.[6]

## III.

The same result follows for Stanley's Fourth Amendment retaliatory search claim, which also required Stanley to plead the absence of probable cause. *Pearson v. Callahan*,

---

[5] Stanley also argues Bocock lacked probable cause because other places were more likely to contain evidence of the supposed computer trespass. But a § 1983 lawsuit isn't a forum to micromanage investigative techniques. Whether other places would have been better search targets has no bearing on whether probable cause supported this search.

[6] We needn't reach qualified immunity because Stanley failed to state a claim.

11

555 U.S. 223, 241–42 (2009); *Porterfield v. Lott*, 156 F.3d 563, 571 (4th Cir. 1998). Because Stanley didn't, the district court correctly dismissed the claim.[7]

IV.

Last, we consider Stanley's second motion to amend his complaint. Because the district court denied the motion on futility grounds, our review is de novo. *See United States ex rel. Ahumada v. Nat'l Indus. for the Severely Handicapped*, 756 F.3d 268, 274 (4th Cir. 2014).

District courts should freely grant leave to amend under Federal Rule of Civil Procedure 15(a)(2). But a district court can deny leave if amendment would be futile. *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). That's the case "if the proposed amended complaint fails to state a claim." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011).

The district court dismissed the case even after considering the facts as pleaded in the second amended complaint. We agree with that decision. It follows then that Stanley's proposed amendment would have been futile. So the district court was right to deny the motion.

*AFFIRMED*

---

[7] Here, too, we decline to reach qualified immunity because Stanley hasn't stated a claim.